*App.* 114 (74 S. E. 897) ; *Ralston* v. *Boady,* 20 *Ga.* 449; *Bashinski* v. *State,* 122 *Ga.* 164; *Kessler* v. *State,* 119 *Ga.* 301; *Bashinski* v. *State,* 123 *Ga.* 508 (51 S. E. 499) ; *Kessler* v. *Pearson,* 126 *Ga.* 725 (5 S. E. 963, 8 Ann. Cas. 180) ; *Postelle* v. *Rivers,* 112 *Ga.* 850 (38 S. E. 109) ; Corbin *v.* Houlehan, 100 Maine, 246 (61 Atl. 131) ; 5 Decennial Dig., title Contracts, § 122; Penal Code (1910), § 434; Allen *v.* Hawks, 30 Mass. 79; Pottle *v.* Greely, 54 Mass. 286; Miller *v.* Post, 83 Mass. 435; *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686) ; *Conley* v. *Sims,* 71 *Ga.* 161; *Kleckley* v. *Leyden,* 63 *Ga.* 216; *R. M. Rose Co.* v. *State,* 133 *Ga.* 356 (65 S. E. 770, 36 L. R. A. (N. S.) 443) ; *Whitley* v. *McConnell,* 133 *Ga.* 738 (66 S. E. 933, 27 L. R..A. (N. S.) 287, 134 Am. St. R. 223) ; Delamater *v.* South Dakota, 20 S. S. 23 (8 L. R. A. (N. S.) 774, 104 N. W. 537).

---

## 6911.   IRBY *v.* ENGLISH.

BROYLES, J.   In the state of the record it is not shown that the court erred in overruling the certiorari.   *Judgment affirmed.*

DECIDED MAY 19, 1916.

Certiorari; from Glascock superior court—Judge Walker. August term, 1915.

J. C. *Newsome,* for plaintiff in error.

---

## 6915.   LAMB, receiver, *v.* PERRY.

RUSSELL, C. J.   1. Under the ruling of this court in *Southern Railway Co.* v. *Bennett,* 17 *Ga. App.* 162 (86 S. E. 418), it was error for the court to submit to the jury any of the contentions growing out of or dependent upon the second count of the plaintiff's petition, as complained of in the several exceptions in the motion for a new trial. And since it can not be determined upon which count the jury based their verdict for the plaintiff, the court erred in overruling the motion for a new trial.

2. Even if the provisions of the Federal statute known as the "Carmack act" do not take away the right of a shipper to proceed against the last connecting carrier when it, as shown by the proof, actually committed the injury and caused the damage after the shipment, still, for the reason already stated above,—to wit, that it can not be ascertained

upon which count of the petition the recovery was based, it can not be held that the jury found upon the first count.

3. The remaining assignments of error need not be considered, because the errors therein assigned will not recur upon another trial.

*Judgment reversed.*

DECIDED MAY 19, 1916.

Action for damages; from city court of Fitzgerald—Judge Griffin. August 6, 1915.

*Bolling Whitfield, Elkins & Koplin,* for plaintiff in error.

*Haygood & Cutts, McDonald & Bennett,* contra.